**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Kathryn T. High,

Plaintiff,

v.

Wal-Mart Corporation,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1297 ADM/AJB

---

John O. Murrin, Esq., Murrin Law Firm, Edina, MN, appeared for and on behalf of Plaintiff.

Andrew L. Marshall, Esq., Bassford, Lockhart, Truesdell & Briggs, PA, Minneapolis, MN, appeared for and on behalf of Defendant.

---

On September 11, 2001, the undersigned United States District Judge heard Defendant Wal-Mart Corporation's (Wal-Mart) Motion for Summary Judgment [Doc. No. 20]. Wal-Mart seeks summary judgment on Plaintiff Kathryn T. High's ("High") lawsuit arising from personal injuries she suffered after a ladder fell and struck her while she was shopping in the Brooklyn Park, Minnesota, Wal-Mart store on April 22, 1999. Wal-Mart argues that High is unable to prove Wal-Mart had actual or constructive notice of an unreasonably hazardous condition. For the reasons set forth below, Wal-Mart's motion is denied.

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(e); *see Matsushita Elec.*

SEP 13 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

*Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant has the burden of showing that no genuine issue of material fact exists. *See Celotex Corp.*, 477 U.S. at 323. When weighing the evidence offered by the parties on a motion for summary judgment, this Court must review the evidence and all inferences drawn from that evidence in the light most favorable to the party opposing the motion. *See Matsushita*, 475 U.S. at 587.

Because High was a business invitee of Wal-Mart, it was under a legal obligation to keep and maintain its premises in a reasonably safe condition. *See Norman v. Tradehome Shoe Stores, Inc.*, 132 N.W.2d 745, 748 (Minn. 1965). Wal-Mart is required to exercise ordinary, reasonable care for an invitee's safety. *Id.* Negligence must be predicated on what should have been reasonably anticipated, not merely on what happened. *Bisher v. Homart Dev. Co.*, 328 N.W.2d 731, 733 (Minn. 1983). The duty is to guard, not against all possible consequences, but only against those that are reasonably to be anticipated in the normal course of events. *Id.* Where Wal-Mart and its employees have not directly caused the hazardous condition, the burden is upon the injured party to establish that the operator of the premises, Wal-Mart, had actual knowledge of the defect, or that the defect had existed for a sufficient period of time to charge the operator with knowledge of its presence. *Norman*, 132 N.W.2d at 748.

In this case, there are factual issues regarding Wal-Mart's policy or procedure for displaying ladders and whether such policies or procedures were followed in this situation. Specifically, there are questions surrounding the metal bars used to secure some ladders, bungee cords securing others, and the absence of a lip on the edge of the shelf to secure the ladders. It is unclear what safety device was missing when the ladder fell on High. Also at issue is the

credibility of the Wal-Mart employee who claims to have checked a bungee cord an hour before the accident. Another factual question is whether the bungee checked was the bungee holding the ladder that struck High. Plaintiff may prove by either direct or circumstantial evidence that the ladder was unsecured for such a length of time that Wal-Mart could be said to have constructive notice of its presence. *See Norman*, 132 N.W.2d at 750. Under these circumstances, Wal-Mart is not entitled to summary judgment.

The cases cited by Wal-Mart in support of its motion involved appeals after jury verdicts, not summary judgment motions. Moreover, although Wal-Mart relies heavily on *Wilder v. W.T. Grant Co.*, 132 N.W.2d 852 (Minn. 1965), it is factually distinct from this situation. There, someone moved a ladder, causing it to protrude into the aisle where Wilder was walking, and it struck her. Wilder saw two well-dressed gentlemen at the other end of the ladder, but she could not discern whether they were employees of defendant. Rejecting Wilder's primary theory of recovery, the Supreme Court found nothing to support an inference that the two men were employees of defendant. *Id.* at 853. The Court also rejected Wilder's alternative theory of recovery, stating that "[t]here [was] absolutely no evidence to show that the ladders were not properly displayed in a manner that would not endanger those who came to the store to make purchases." *Id.* The Court found insufficient constructive notice of an unreasonably dangerous condition because the ladder struck plaintiff as it was moved into the aisle, and there was no time within which defendant, through its employees, could have discovered its presence there. *Id.* at 854.

Here, there is no evidence of third-party involvement moving the ladder into the aisle that may have caused it to strike High. The issues are whether or not the ladder was improperly

secured on the display shelf, and whether or not Wal-Mart had notice that such a display presented an unreasonably dangerous condition to customers. Plaintiff High is entitled to present these genuine issues of material fact to a jury.

However, High's argument in support of applying the doctrine of res ipsa loquitur to this case is totally without merit. The res ipsa loquitur doctrine requires a plaintiff to show that (1) ordinarily the injury would not occur in the absence of negligence; (2) the cause of the injury was in the exclusive control of the defendant; and (3) the injury was not due to plaintiff's conduct. *Hoven v. Rice Mem'l. Hosp.*, 396 N.W.2d 569, 572 (Minn. 1986). High is unable to demonstrate that this accident could not happen in the absence of Wal-Mart's negligence. Further, the ladder, the alleged instrument of harm, was not within the *exclusive* control of Wal-Mart. There is also some evidence to create a factual issue regarding contributory negligence, specifically, whether or not High may have bumped the ladder with a shopping cart, causing it to fall upon her. The circumstances of this case do not support application of the res ipsa loquitur doctrine.

Based upon the foregoing, together with all of the files, records and proceedings, **IT IS HEREBY ORDERED** that Wal-Mart's Motion for Summary Judgment [Doc. No. 20] is **DENIED**.

BY THE COURT:

Ann Montgomery

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: September 13, 2001